ORRIN FULLER *vs.* CHICOPEE MANUFACTURING COMPANY.

A complaint cannot be maintained on the mill act to recover damages occasioned to an unimproved or unappropriated mill site.

COMPLAINT on the Rev. Sts. *c.* 116, containing two counts, one for injuries by flowing a tract of twenty acres, and the other for flowing a tract of five acres with a mill site thereon. The respondents pleaded to the second count that the complainant had not occupied the mill site and begun to build a mill thereon; and so the fact was found to be by the officer who presided at the trial before a sheriff's jury, whose finding the parties agreed should be taken as conclusive, reserving the question of law raised by this plea. A verdict for the complainant on each count was returned to the court of common pleas and accepted, and judgment rendered thereon by *Mellen,* C. J. The respondent excepted to the ruling and judgment on the second count.

*J. Wells,* for the respondents.

*W. G. Bates & M. B. Whitney,* (*W. L. Smith* with them,) for the complainant, cited Angell on Watercourses, §§ 92–97, 135, 340–344; 3 Kent Com. (6th ed.) 437, 440, 446; *Tyler* v. *Wilkinson,* 4 Mason, 397; *Wright* v. *Howard,* 1 Sim. & Stu. 190; *Blood* v. *Nashua & Lowell Railroad,* 2 Gray, 139; *Hill* v. *Ward,* 2 Gilman, 285; *M' Calmont* v. *Whitaker,* 3 Rawle, 84; *Gilman* v. *Tilton,* 5 N. H. 231; *Pitts* v. *Lancaster Mills,* 13 Met. 156; *Gould* v. *Boston Duck Co.* 13 Gray, 442; *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241; *Bigelow* v. *Newell,* 10 Pick. 348; *Newhall* v. *Ireson,* 8 Cush. 595; *Elliot* v. *Fitchburg Railroad,* 10 Cush. 191; *Embrey* v. *Owen,* 6 Exch. 353; *Blanchard* v. *Baker,* 8 Greenl. 253; Gale & Whately on Easements, 171; *Buddington* v. *Bradley,* 10 Conn. 213; *Bates* v. *Weymouth Iron Co.* 8 Cush. 548; *Andover* v. *Sutton,* 12 Met. 182; *Walker* v. *Oxford Woollen Manuf. Co.* 10 Met. 205; *Baird* v. *Wells,* 22 Pick. 312; *Sts.* 1795, *c.* 74; 1824, *c.* 153, § 3.

BIGELOW, C. J. This is the first case, so far as we know, in which an attempt has been made by a complaint under Rev. Sts

*c.* 116, or under the previous statutes enacted for the erection and regulation of mills, to claim damages for injury done to an unoccupied mill site. The fact that there is no precedent for such a claim is not conclusive, but it is strong evidence against the existence of any such right as the complainant sets up in the present case.

The right of the owner of land to the use of a stream flowing through his premises, so far as such use is reasonable and conformable to the usages and wants of the community and not inconsistent with a like reasonable use by the other proprietors of land on the same stream above and below, is clear and indisputable. It is equally clear that by the well settled law of this commonwealth this right to the reasonable use and enjoyment of a stream of water is to be taken with this important limitation and qualification, that the owner of land who first erects a dam for the purpose of carrying a mill upon his own land, has the right to maintain it, although it may operate to set the water back to such distance and height as to prevent a proprietor above from having sufficient fall to carry a mill upon his own land. To the extent to which the descent or fall of water in a stream is taken up and occupied by the erection of dams for the purpose of carrying mills, the right of other owners on the same stream, who have not improved their sites for the creation of water power and the driving of mills, is abridged and taken away. In such case prior occupancy gives priority of title. Although the right to the use of water is inherent in or appurtenant to land, it is nevertheless in a certain sense a right *publici juris,* and subject to the rule of law, which regards the erection of a dam for the purpose of creating mill power a profitable, beneficial and reasonable use of the stream, of which riparian proprietors on the same stream, who have not appropriated the force and fall of the water on their own land, cannot complain. It is *damnum absque injuria.* This principle was distinctly recognized in *Hatch* v. *Dwight,* 17 Mass. 296, and was fully illustrated and explained in *Cary* v. *Daniels,* 8 Met. 476.

It is in view of this well established doctrine of the common

law of this state, that the provisions of the mill act, so called, are to be construed and administered. By the first section of the Rev. Sts. *c.* 116, which is substantially a re-enactment of *St.* 1795, *c.* 74, § 1, full power is given to any person to erect and maintain a water mill and dam to raise water upon any stream not navigable, according to the terms and conditions, and subject to the regulations, therein expressed. The only limitation on this power, so far as the rights of other owners of mill sites or water powers on the same stream may be affected by its exercise, is found in the second section of the same chapter, and in *St.* 1841, *c.* 18, which provide that no such dam shall be erected to the injury to any existing mill or of any mill site which shall have been previously used or occupied. But no provision is made to protect unoccupied or unimproved mill sites. Nor are they included specifically as a subject of damages in the fourth section of the statute, which provides for a compensation to parties " whose land is overflowed or otherwise injured " by the erection and maintenance of a dam. The great purpose of these statutes, as declared in the preamble to *St.* 1795, *c.* 74, was to prevent the erection and support of mills from being " discouraged by many doubts and disputes." They were not intended to confer any new right, or to create an additional claim for damages, which did not exist at common law. They only substituted, in the place of the common law remedies, a more simple, expeditious and comprehensive mode of ascertaining and assessing damages to persons whose lands were overflowed or otherwise injured by the erection and maintenance of dams on the same stream, for the purpose of creating a water power and carrying mills. It follows that, as a riparian proprietor could recover at common law no damages occasioned to an unimproved or unappropriated mill site by the erection of a dam and mill on the same stream below, he cannot maintain a complaint under the mill acts to recover similar damages. *Verdict on the second count set aside.*